WILLIAM FISCHER, PLAINTIFF IN ERROR, V. ALONZO
J. COONS, DEFENDANT IN ERROR.

[FILED MAY 16, 1889.]

1. **Pleading.** Objections to a pleading when attacked by a motion
to require it to be made more definite and certain, should specific-
ally point out the alleged defects; and a motion to require "the
plaintiff to make the allegations in his petition more specfic and
certain," without further particularity is too general to assign
error upon, after an adverse ruling.

2. **Instructions** examined and found not prejudicially erroneous.

ERROR to the district court for Hayes county. Tried
below before COCHRAN, J.

*J. Byron Jennings,* for plaintiff in error.

No appearance for defendant in error.

REESE, CH. J.

This case is upon error to the district court of Hayes
county. In that court defendant in error, who was the
plaintiff, filed his petition, which was in the following lan-
guage:

"ALONZO J. COONS, *Plaintiff,*

    *v.*

"WILLIAM FISCHER, *Defendant.*

"PETITION.

"The plaintiff complains of the defendant, for that on
the twelfth day of August, 1887, stock running at large
and owned by said defendant and branded S, thirty head of
which the plaintiff had in his possession, and have since
been driven away from the premises of this plaintiff, did
trespass upon plaintiff's cultivated land and did damage

the property of said plaintiff to the amount of two hundred and thirty dollars.

"The said plaintiff claims judgment for the sum of five dollars for care and feeding said thirty head of stock for the space of seven days.

"Plaintiff asks judgment for the sum of $235 and a lien upon said stock for said sum."

Plaintiff in error filed a motion, of which the following is a copy, as shown by the transcript, omitting the formal parts:

"The defendant moves the court to require plaintiff to make the allegations in his petition more specific and certain."

This motion was overruled, which ruling is now assigned for error. In this decision there was no error. The motion was too general. The objections to the petition should have been specifically pointed out. (Maxwell's Pl. & Pr. 167.)

After the motion above referred to had been overruled, plaintiff in error filed his answer, which consisted of a general denial and an allegation of a tender of the sum of $60, when a jury trial was had, which resulted in a verdict in favor of defendant in error for the sum of $62.50, when plaintiff in error interposed a motion for a new trial, in which he assigned the following grounds:

"*First.* The verdict is not sustained by sufficient evidence.

"*Second.* Because the verdict is contrary to law, and the court erred in giving instructions numbers one and five on its own motion.

"*Third.* Because of excessive damage appearing to have been given under the influence of passion and prejudice.

"*Fourth.* Errors of law occurring on the trial and duly excepted to by defendant."

26

No bill of exceptions accompanies the record on this submission, and therefore none of the errors assigned can be examined, except the second, and that only to the extent of an investigation of the instructions referred to, the first of which is as follows:

"The plaintiff, Alonzo J. Coons, alleges in his petition that on or about August 12, 1887, the stock of the defendant, William Fischer, to the number of about 150 head of cattle, did trespass upon cultivated land of plaintiff, Alonzo J. Coons, and destroy $9\frac{1}{3}$ acres of growing corn on plaintiff's land, to wit, on the S.W. $\frac{1}{4}$ of section 30, T. 7 N., R. 30 west, and that the value of the corn crop so damaged and destroyed was the sum of $235."

While the instruction is open to the criticism made by plaintiff in error that it does not correctly state the allegations of the petition, and details with more particularity than is found in it the elements of defendant's alleged damages, yet we are unable to discover how plaintiff in error could have been prejudiced by it. The answer by the plea of tender substantially admitted the trespass and damage, and in reality the only question was as to the amount defendant in error was entitled to recover. It must be conceded that the issues in the case were rather inartistically joined; but we are satisfied that no injury could result from the instruction.

The fifth instruction is as follows:

"You are further instructed that you are the exclusive judges of the credibility of the witnesses, and of the weight to be attached to the testimony of each and all of them; that you should take into consideration the whole of the evidence and all the facts and circumstances on the trial, giving to the several parts of the evidence such weight as they are entitled to, and take into consideration their interest in the event of the suit, if any such interest is proved; the reasonableness of the testimony given by them, and all

the evidence and circumstances tending to corroborate or contradict such witnesses, if any such is proved."

The objection to this instruction is to that part which directs the jury to take into consideration "all the facts and circumstances on the trial, giving to the several parts of the evidence" such weight as they were entitled to in the opinion of the jury. While it is true that the jury should consider the evidence alone, and not extraneous facts or circumstances which may have fallen under their observation during the trial, yet we think the proper interpretation of the instruction will bring it within the legal rule. The " facts and circumstances on the trial " are limited by the instruction to " the several parts of the evidence" so that the jury could not be misled by the instruction when considered as a whole.

We find no reversible error in the record, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.